11-5009
Huang v. Holder

BIA
Vomacka, IJ
A099 880 102

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand thirteen.

PRESENT:
JON O. NEWMAN
JOHN M. WALKER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ZHIPING HUANG,

*Petitioner,*

v.     11-5009
    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:     Lewis G. Hu, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette M.

**Wietecha, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhiping Huang, a native and citizen of the People's Republic of China, seeks review of an November 3, 2011, decision of the BIA affirming the March 11, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiping Huang*, No. A099 880 102 (B.I.A. Nov. 3, 2011), *aff'g* No. A099 880 102 (Immig. Ct. N.Y. City Mar. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Huang does not

2

challenge the agency's determination that his asylum application was untimely, we consider only the agency's denial of withholding of removal and CAT relief.

For applications such as Huang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see* 8 U.S.C. § 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).  An agency's credibility determination, however, will not satisfy the substantial evidence standard "when it is based entirely on flawed reasoning, bald speculation, or conjecture."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006).

While the agency's finding that Huang should have mentioned his Falun Gong practice in his visa application because it shares artistic similarities with his martial arts practice is arguably impermissibly speculative, *see Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007),

3

remand is not warranted as the alternative bases for the agency's adverse credibility finding are supported by substantial evidence and the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Xiao Ji Chen*, 471 F.3d at 338-39. The agency reasonably declined to credit Huang's explanations for why he sought advance parole to travel to China if he feared the Chinese government because Huang gave conflicting explanations, stating first that he wanted to travel to China but his advance parole application was denied, and then stating that he withdrew his travel application because it was too dangerous to return to China. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The adverse credibility determination is further supported by the IJ's demeanor finding, which was based in part on Huang's inconsistency, as well as on additional observations of non-responsive answers, and we defer to that finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Finally, the agency does not err in relying on a lack of corroboration as grounds for an adverse credibility determination where, as in this case, the alien's credibility already has been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Because Huang did not challenge the IJ's corroboration finding before the BIA and does not challenge it here, the finding stands as a valid basis for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Therefore, given the inconsistent explanations, the IJ's demeanor finding, and the lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for both withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk